# UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  
BANKRUPTCY JUDGE

(973) 645-4693  
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

FILED  
JAMES J. WALDRON, CLERK

**SEPT. 3, 2014**

U.S. BANKRUPTCY COURT  
NEWARK, N.J.

BY: s/ *Ronnie Plasner*  
JUDICIAL ASSISTANT

September 3, 2014

**LETTER OPINION**  
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Mellinger Sanders & Kartzman LLC  
Adam G. Brief, Esq.  
101 Gibraltar Drive  
Suite 2F  
Morris Plains, New Jersey 07950  
*Counsel for Trustee*

Wacks & Hartmann, LLC.  
Christopher E. Hartmann, Esq.  
55 Madison Ave  
Morristown, New Jersey 07960  
*Counsel for Defendant*

Re:   **In re Mariela Zapata**  
      **Case No.: 11-29113 DHS**

      **Kartzman v. Arcola Sales & Service Corp., etc.**  
      **Adversary Proceeding No.: 14-01010 (DHS)**

Page 2
September 3, 2014

Dear Counsel:

Before the Court is a motion by Arcola Sales & Service Corp., d/b/a Arcola Bus Sales and d/b/a www.ArcolaSales.com ("Arcola" or "Defendant") to dismiss or remand the adversary proceeding (the "Motion"). Steven P. Kartzman, the chapter 7 trustee (the "Trustee") filed opposition to the Motion along with a cross motion to substitute the Trustee as plaintiff pursuant to Rules 7017(a)(3) and 7025(c) of the Federal Rules of Bankruptcy Procedure (the "Cross Motion").

The removed action now before this Court was first commenced by the debtor, Mariela Zapata ("Zapata" or "Debtor"), against Arcola in the Law Division of the Morris County Superior Court (the "Superior Court") in 2008, and arose from her purchase from Arcola of a used school bus (the "2008 Case"). The 2008 Case was dismissed for lack of prosecution on June 26, 2009. (Declaration of Christopher Hartmann ("Hartmann Decl.") Ex. B). The Debtor filed her chapter 7 petition on June 23, 2011, did not disclose the claim against Arcola in her bankruptcy petition and schedules, was granted a discharge on September 30, 2011, and the bankruptcy case was closed on October 12, 2011.

The Debtor next refiled her suit against Arcola in 2012 (the "2012 Case"). On October 28, 2013, Adam Brief, as counsel for the trustee who had learned of the 2012 Case, appeared before the Superior Court in opposition to Arcola's summary judgment motion against Zapata for her failure to appear for trial and for lack of standing. A chambers conference was held and the Court concluded the Debtor did not own the claims asserted in the action at the time the 2012 Case was filed as a consequence of her chapter 7 proceeding, and that the Debtor failed

Page 3
September 3, 2014

to disclose the existing and known claims against Arcola in her bankruptcy proceeding. (Hartmann Decl. Ex. F). The Judge held on the record that the 2012 Case was dismissed without prejudice to the Trustee's right to reopen the chapter 7 proceeding and pursue this claim against Arcola, in full reservation of the Debtor's rights and defenses. The record also provided that the Trustee had until January 27, 2014 to pursue any such claims against Arcola. (Certification of Adam Brief ("Brief Cert.") Ex. A). The Defendant's counsel was to draft an order (and did so) but the court in the meantime signed another order in error, which omitted the Trustee's January 27, 2014 deadline. (Hartmann Decl. Ex. F).

On December 4, 2013, the Trustee reopened the Debtor's chapter 7 proceeding. On January 2, 2014, the Trustee filed a Notice of Removal transferring the 2012 Case from the state court to the Bankruptcy Court. The Trustee filed the present adversary proceeding (the "Adversary Proceeding") on January 6, 2014, and served Arcola with a summons on January 29, 2014.

Arcola argues that because the 2008 and 2012 Cases were dismissed by the Superior Court, the cases were non-justiciable. Thus, Arcola concludes that there was no pending cause of action to remove on January 2, 2014, and that the Debtor lacked standing when she commenced the 2012 Case in state court. Arcola also asserts that the Notice of Removal was defective because Trustee's counsel did not immediately serve Arcola's counsel, and failed to serve the Clerk of the Superior Court until three weeks later. Arcola relies on the bankruptcy removal statute for the proposition that there was no pending action when the Trustee removed the case:

Page 4
September 3, 2014

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 134 of this title.

28 U.S.C. § 1452(a). Arcola argues the trustee never had the authority to prosecute the Debtor's 2012 Case in the Superior Court because the chapter 7 case was closed and the trustee was discharged in 2011.

The Trustee argues that there is no express requirement that removal occur at any particular stage of the litigation process:

> Even after an action has been dismissed in the trial court, so long as there is time to insist on reconsideration or appellate review, a case continues to be an action brought to redress a private right; it continues to be litigation.

*Nieto v. Univ. of N.M.,* 727 F. Supp. 2d 1176, 1192 (D.N.M. 2010). Specifically, the Trustee relies on the agreement between the parties—which preserved the Trustee's right to reinstate the action by January 27, 2014—and which was put on the Superior Court record by Judge Manahan at the time of the motion. Finally, the Trustee relies on Federal Rule of Civil Procedure Rule 17(a)(3) made applicable here through Federal Rule of Bankruptcy Procedure 7017(a)(3), which provides, regarding the joinder of real parties in interest:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17. In addition to the intent to favor joinder or substitution, Rule 25(c) "allows the court, on motion, to substitute a trustee for a chapter 7 debtor where the trustee is the proper

Page 5
September 3, 2014

party in interest." *Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681, 689 (W.D. Pa. 2011); *see also* Fed. R. Civ. P. 25(c).

Here, when the Trustee filed the Notice of Removal, a case or controversy existed. Following dismissal of the 2012 Case, the Trustee's right to reinstate the action by January 27, 2014 was preserved by agreement between the parties and authorized by the state court. (Certification of Adam Brief ("Brief Cert.") Ex. A). It is clear the Trustee was given until January 27, 2014 to pursue the claims and did so by reopening the Debtor's chapter 7 proceeding on December 4, 2013 and filing the Notice of Removal on January 2, 2014. (Hartmann Decl. Exs. G, H).

Additionally, the action was timely filed by the correct party in interest. Technical defects in service of the Notice of Removal, if any, are immaterial. The Defendant and its counsel were fully on notice of this action and Trustee's removal of same. Therefore, the Motion to dismiss or remand is denied. Finally, substitution is appropriate under Federal Rules of Bankruptcy Procedure 7017(a)(3) and 7025(c) since the Trustee is the real party in interest under 11 U.S.C. § 323(a). Therefore, the Cross Motion for substitution is granted.

## **CONCLUSION**

For the reasons stated herein, the Court finds the Defendant's Motion to Dismiss the Adversary Proceeding is denied. The Trustee's Cross Motion for substitution is granted.

Page 6
September 3, 2014

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure