**NOT FOR PUBLICATION**

```
                              FILED
                        JAMES J. WALDRON, CLERK

                          SEP. 27, 2016

                        U.S. BANKRUPTCY COURT
                            NEWARK, N.J.

                        BY:  s/ Ronnie Plasner
                            JUDICIAL ASSISTANT
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>MARIELA ZAPATA,<br><br>                Debtor. | CHAPTER 7<br><br>CASE NO.:       11-29113 (SLM) |
| STEVEN P. KARTZMAN, Chapter 7 Trustee,<br><br>                Plaintiff,<br>v.<br><br>ARCOLA SALES & SERVICE CORP., d/b/a ARCOLA BUS SALES and d/b/a WWW.ARCOLASALES.COM, and JOHN DOES (1-100),<br><br>                Defendants. | ADV. PRO. NO.:  14-01010 (SLM) |

**OPINION**

**A P P E A R A N C E S :**

Steven P. Kartzman, Esq.
Mellinger Sanders & Kartzman, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Attorneys for Plaintiff, Steven P. Kartzman

Christopher E. Hartmann, Esq.
Hartman & Anglim, LLC
1256 Rt. 202/206N
Bridgewater, New Jersey 08807
Attorneys for Defendant, Arcola Sales & Service Corp.

**THE HONORABLE STACEY L. MEISEL, UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a *Motion to Dismiss Adversary Proceeding with Prejudice* (Docket No. 55), filed by Defendant Arcola Sales & Service Corp. ("Arcola") by and through its counsel, Hartman & Anglim, LLC. Plaintiff, Steven P. Kartzman, Chapter 7 Trustee ("Trustee"), by and through his counsel, Mellinger Sanders & Kartzman, LLC, filed a letter brief in opposition to the Motion to Dismiss ("Opposition") (Docket No. 59).

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

Pursuant to Federal Rule of Bankruptcy Procedure 7052, the Court issues the following findings of fact and conclusions of law.[1]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The removed action currently before this Court was first commenced by the Debtor with the filing of a Complaint against Arcola in the Superior Court of New Jersey, Law Division, Morris County in 2008 (the "2008 Case"), and arose from the purchase of a used school bus by Mariela Zapata ("Debtor") from Arcola.

There appears to be no dispute that on September 5, 2007, the Debtor signed a vehicle order to purchase a used 1999 Chevrolet school bus from Arcola. On October 18, 2007, the

---

[1] To the extent any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent any conclusions of law might constitute findings of fact, they are adopted as such.

Debtor paid Arcola $18,500.00. At the time of the sale, Arcola represented that the bus had only 41,381 miles, but the Certificate of Title provided to the Debtor notated the mileage as "41318 M". The "M" designation indicated the vehicle exceed its mechanical limits or had its odometer set back. Although the Debtor paid the $18,500.00, the Debtor never took title or possession of the bus.

The 2008 case was a demand for a full refund of the purchase price. The 2008 case was dismissed for lack of prosecution on June 26, 2009, before the Debtor filed for bankruptcy.

**Filing the Bankruptcy Case**

On June 23, 2011 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

On June 24, 2011, the Trustee was appointed.

On her Schedules, the Debtor failed to disclose her claim, or cause of action, against Arcola.

The Debtor's bankruptcy case proceeded as a "no asset" case and the Debtor received a discharge on September 30, 2011. The case closed on October 12, 2011.

**The 2012 State Court Action**

In 2012, the Debtor refiled her suit against Arcola in the State Court (the "2012 Case"). In the 2012 Case, it appears that Arcola first learned of the Debtor's bankruptcy and the Debtor's failure to schedule the claim against Arcola. Arcola then filed a motion for summary judgment in the 2012 Case against the Debtor for her lack of standing in light of the bankruptcy. Arcola provided notice of the motion to the Trustee, who at the time was the "former trustee" since the status of the bankruptcy case was "closed." The Trustee, as "former trustee" did not file any pleadings in opposition to the summary judgment motion. But on October 28, 2013, counsel for

the Trustee, appeared before the Superior Court to oppose Arcola's summary judgment motion. The Debtor, and her counsel, failed to appear for the hearing.

As set forth in the transcript from the October 28, 2013 hearing in the 2012 Case in the State Court, the Honorable Thomas V. Manahan met with the former trustee's counsel and Arcola's counsel in chambers regarding the standing issue and how to proceed. Judge Manahan ultimately granted Arcola's motion for summary judgment "[w]ithout prejudice in terms of its finality, for a period of 90 days, to determine whether or not the U.S. Trustee would consider the reappointment of Kartzman, and thereafter whether there would be a required investigation and/or position in regard to the present claim." Transcript, page 6, lines 8-13. Later, Judge Manahan stated: "what I would suggest is that counsel, Mr. Hartmann [Arcola's counsel] and Mr. Brief [Trustee's counsel], consult one another as to the form of the order, and if there's approval, if it would be submitted to the Court by consent to move matters along." Transcript, pages 7-8, lines 23-25, and 1-2.

Thereafter, by letter dated November 1, 2013, Mr. Hartmann, on behalf of Arcola, submitted a proposed form of Order ("Proposed Order") to Judge Manahan stating "I believe that the attached fairly represents Your Honor's ruling." The Proposed Order contains the three following proposed ordered paragraphs:

> Defendant's summary judgment motion is granted. The Complaint is dismissed due to Plaintiff's failure to appear and [her] lack of standing. No decision is made on the merits of any claims.
>
> This Order is made without prejudice to the U.S. Trustee's (or the former chapter 7 trustee's (collectively, "the Trustee's")) right to re-open Ms. Zapata's chapter 7 bankruptcy proceeding; and then to pursue any claims previously owned by her bankruptcy estate upon such action being duly authorized by the bankruptcy court. Defendant reserves all available rights and defenses.

> The Trustee shall have until January 27, 2014 to pursue any claims previously owned by Zapata's bankruptcy estate. If the Trustee elects to take no further action, then this Order is made with prejudice and Defendant need not submit a further Order.

*See* Motion to Dismiss, Exhibit E. Under this Proposed Order, the Trustee was supposed to have until January 27, 2014 to pursue any claims. Despite the colloquy during the October 28, 2013 hearing regarding submission of a consensual order, Judge Manahan, instead, entered an earlier form of the Order before even receiving the parties' proposed form of Order. The *Order Granting Defendant's Summary Judgment Motion and Dismissing Complaint for Lack of Standing* ("October 30, 2013 Order") was signed by Judge Manahan on October 30, 2013 and includes the following ordered paragraphs:

> Defendant's motion is hereby granted. The Complaint is dismissed due to lack of standing, without prejudice to Mariela Zapata's right to re-open her Chapter 7 bankruptcy action and subject to the additional terms of this Order.
>
> Any new action to be filed in this Court may only be commenced (a) by or with the express authorization of the Chapter 7 Trustee, or (b) by Plaintiff, provided the claims made in this action are officially abandoned by the Trustee. This Order is entered without prejudice to defendant's rights and all available defenses.
>
> Because a new action must be commenced if any claims are to be pursued prospectively in accordance with paragraph two hereof, this action shall not be reinstated.

*See* Motion to Dismiss, Exhibit A. Along with this handwritten addition:

> Motion "opposed" on behalf of Chapter 7 Bankruptcy Trustee who is the former Trustee, the court placed its findings on the record on October 28, 2013.

*Id.* Judge Manahan's entry of the October 31, 2013 Order instead of the Proposed Order submitted by Arcola's counsel is part of the focus of later decisions entered by the Bankruptcy Court and the District Court, discussed *infra*.

6

Subsequent to the October 31, 2013 Order dismissing the Complaint in the 2012 Case, (and also after the 2012 Case was removed to the Bankruptcy Court as described below), on January 31, 2014, the State Court entered an *Order Dismissing Action Because of Bankruptcy Act Stay* ("January 31, 2014 Order") (Adv. Pro. Docket No. 64, Exhibit A). The January 31, 2014 Order provides:

> This action is DISMISSED without prejudice and without costs as to the defendant(s).
>
> At the conclusion of the relevant bankruptcy proceeding, this action may be reinstated at the request of any party as to any matters not discharged in bankruptcy. During the pendency of the bankruptcy proceeding, this action may be reinstated at the request of any party, if the Bankruptcy Court lifts the automatic stay.
>
> If the action is reinstated, it will be reinstated as of the date [] the complaint herein was originally filed, and any claim asserted herein will be reinstated as of the date upon which the pleading asserting the claim was originally filed.

January 31, 2014 Order.

### Reopening the Bankruptcy Case and Removing the 2012 Case from State Court to Bankruptcy Court

On November 7, 2013, the Trustee filed with this Court a *Motion to Reopen Case and to Appoint a Trustee Pursuant to 11 U.S.C. § 350(b) and Rule 5010* ("Motion to Reopen") (Main Case Docket No. 10). The Court granted the Motion to Reopen by Order dated December 4, 2013 (Main Case Docket No. 12).

On December 6, 2013, the Trustee was reappointed to the case (Main Case Docket No. 13).

On January 6, 2014, the Trustee filed a *Notice of Removal* thereby initiating Adv. Pro. No. 14-1010 (the "Adversary Proceeding") (Adv. Pro. Docket No. 1). The Notice of Removal stated the Trustee removed "the action styled Mariela Zapata and Mariela's Transportation v. Arcola Sales & Service Corp., d/b/a Arcola Bus Sales and d/b/a www.ArcolaSales.com, and John Does

7

(1-100) . . . bearing Docket No. MRS-L-001394." By Letter dated January 27, 2014, the Trustee submitted the Notice of Removal to the State Court for filing. *See* January 27, 2014 Letter and Notice of Removal attached as Exhibits H and I the *Declaration by Christopher E. Hartman, Esq. in Support of Arcola's Motion to Dismiss Adversary Proceeding with Prejudice* ("Hartman Cert.") (Adv. Pro. Docket No. 55).

On January 29, 2014, the Trustee docketed in the Adversary Proceeding a copy of the State Court Complaint from the 2008 Case bearing Docket No. L-1886-08 (Adv. Pro. Docket No 6).[2]

**First Motion to Dismiss**

On February 24, 2014, Arcola filed a *Motion to Dismiss or Remand* ("First Motion to Dismiss") (Adv. Pro. Docket No. 7). In the First Motion to Dismiss, Arcola argued:

1) At the time of removal there was no pending civil action, therefore, there was nothing to remove. 28 U.S.C. § 1452(a) provides for removal only when there is a pending civil action.

2) The Notice of Removal itself was defective (because Trustee's counsel did not serve Arcola's counsel and failed to serve the State Court until three weeks later) warranting dismissal or remand.

Trustee filed a *Cross Motion for Substitution Pursuant to Rules 17(a)(3) and 25(c) of the Federal Rules of Civil Procedure* ("Cross Motion for Substitution") (Adv. Pro. Docket No. 12).

The outcome of the First Motion to Dismiss is a September 3, 2014 *Letter Opinion* and *Order* from the Bankruptcy Court denying the relief sought by Arcola and granting the Trustee's Cross Motion for Substitution (Adv. Pro. Docket Nos. 22 and 23). In the Letter Opinion, the Court found:

> Here, when the Trustee filed the Notice of Removal, a case or controversy existed. Following dismissal of the 2012 Case, the Trustee's right to reinstate the action by January 27, 2014 was preserved by agreement between the parties and authorized by the state court . . . It is clear the Trustee was given until January 27, 2014 to pursue the claims and did so by

---

[2] Docketing the Complaint from the 2008 Case instead of the 2012 Case appears to be in error.

> reopening the Debtor's chapter 7 proceeding on December 4, 2013 and filing the Notice of Removal on January 2, 2014 . . . .
>
> Additionally, the action was timely filed by the correct party in interest. Technical defects in service of the Notice of Removal, if any, are immaterial. The Defendant and its counsel were fully on notice of this action and the Trustee's removal of same. Therefore, the Motion to dismiss or remand is denied.

Letter Opinion at page 5.

On September 17, 2014, Arcola filed a *Notice of Appeal* and a *Motion for Leave to Appeal the Bankruptcy Court's Order Dated September 3, 2014* ("Motion for Leave to Appeal") (Adv. Pro. Docket Nos. 26 and 27).

On February 5, 2015, the District Court, the Honorable Madeline Cox Arleo, issued an Opinion and *Order* denying, with prejudice, Arcola's Motion for Leave to Appeal, thus disposing of the First Motion to Dismiss (Adv. Pro. Docket No. 43). The crux of the District Court decision denying relief to Arcola stems from Arcola's agreement that dismissal of the Debtor's claims in the 2012 Case would not prohibit the Trustee from pursuing claims against Arcola in the Bankruptcy Court. As stated by the District Court, "Arcola cannot disavow this agreement because a Superior Court Judge mistakenly entered the wrong order" – ostensibly referring to Judge Manahan's entry of the October 30, 2013 Order, instead of the Proposed Order consensually submitted by the parties following Judge Manahan's directions from the October 28, 2013 hearing in the State Court.

**Second Motion to Dismiss**

On August 24, 2015, Arcola filed its second *Motion to Dismiss Adversary Proceeding with Prejudice* ("Second Motion to Dismiss") (Adv. Pro. Docket No. 55). Arcola alleges the Second Motion to Dismiss is not the same as the First Motion to Dismiss because the Trustee never moved to modify or set aside the State Court's October 30, 2013 Order and needed to do so. Therefore,

9

because one year passed, the Trustee was out of time to vacate the Order pursuant to Fed. R. Civ. P. 60(c)(1). Arcola argues:

> Before the Trustee completed removal pursuant to the jurisdictional requirements of 28 U.S.C. § 1446(d)[3], the Judgment became final in accordance with a specific ruling made by the Superior Court on the record during the motion hearing. By statute the Superior Court Judgment became an order of this court once the trustee was finally able to "effect" removal. 28 U.S.C. § 1446(d) and 28 U.S.C. § 1450.
>
> . . . Although he had many months to do so, the trustee has not obtained an order modifying or setting aside the Judgment. He is now out of time to vacate the Judgment. Fed. R. Civ. P. 60(c)(1). As a matter of law, the Judgment remains in full force and effect.

Second Motion to Dismiss at Docket No. 55, page 1. Arcola submits that it was impossible to make this argument at the time of the First Motion to Dismiss because the one year time period had not yet lapsed. Accordingly, in the Second Motion to Dismiss, Arcola argues that, as a matter of law, the October 30, 2013 Order remains in full force and effect since the Trustee can no longer seek to vacate the order. According to Arcola, the Adversary Proceeding "is simply not viable."

On November 5, 2015, the Trustee filed a *Letter Brief* in Opposition to the 2015 Motion to Dismiss ("Opposition to Second Motion to Dismiss") (Adv. Pro. Docket No. 59).

On December 9, 2015, Arcola filed a *Reply* to the Trustee's Opposition to the Second Motion to Dismiss ("Reply re Second Motion to Dismiss") (Adv. Pro. Docket Nos. 66 and 67).

On December 10, 2015, the Court held oral argument on the Second Motion to Dismiss along with a Motion for Summary Judgment, which will be addressed in a separate Opinion.

---

[3] Notably, during oral argument in front of Judge Steckroth on April 1, 2014, regarding the First Motion to Dismiss, counsel for Arcola argued: "I would submit that the general removal statutes in this case are not applicable. That would involve removal by defendants under 1441 and 1446." Second Motion to Dismiss, Exhibit L, page 2, lines 14-16. Yet now, Arcola is arguing that the October 30, 2013 Order became an Order of this Court once the Trustee effected removal under 28 U.S.C. § 1446(d). I bring this up only to highlight the inconsistent positions Arcola seems to take throughout this case depending upon the argument it seeks to advance.

**DISCUSSION**

    **I.    Motion to Dismiss**

        **a.  Rule 60(c)(1) is Inapplicable Under the Facts of this Case**

Arcola argues that the Trustee removed a dismissed complaint, which remains dismissed to this day because the Trustee never moved to modify or set aside the October 30, 2013 Order. Further, the Trustee is now out of time to do so pursuant to Federal Rule of Civil Procedure 60, the rule addressing relief from a judgment or order, which provides:

> Timing.  A motion under Rule 60(b) must be made within a reasonable time – and for the reasons (1) [mistake, inadvertence, surprise, or excusable neglect], (2) [newly discovered evidence], and (3) [fraud,] no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).  Arcola states it could not have made this argument in its First Motion to Dismiss, filed on February 24, 2014, because the one year window under Rule 60(c)(1) did not pass until October 30, 2014.

Arcola's Rule 60(c)(1) argument fails because I find the October 30, 2013 Order never became final.  The Trustee had a 90 day window to act before the October 30, 2014 Order became final – this is true whether you consider the October 30, 2014 Order along with the ruling made by Judge Mahanan on the record that the Order was without prejudice in terms of finality for 90 days; or whether you consider what Judge Steckroth found to be the agreement of the parties, memorialized in the agreed upon Proposed Order, which provided the Trustee with approximately 90 days, until January 27, 2014, to reinstate.[4]

---

[4] Counsel for Arcola disavows that there was ever an agreement to allow the Trustee to reinstate.  This argument was dismissed by both Judge Steckroth and the District Court.   Arcola's counsel argues that he did not have the benefit of the transcript from the October 28, 2013 hearing at the time he argued in front of Judge Steckroth or presented his appeal to the District Court.   Arcola's counsel offers no reason whatsoever as to why he did not request the transcript and instead argues it should have been the Trustee's burden to secure the transcript.  I can conceive of no reason why Arcola would not acquire a copy of the State Court transcript to support its arguments and refute the Trustee's arguments, if not for the arguments in front of Judge Steckroth, then certainly as part of the Motion for Leave to Appeal.   Yet, Arcola did not.

> **i. The October 30, 2013 Order was not final because the Trustee "acted" within 90 days as allowed under the October 30, 2013 Order and October 28, 2013 transcript**

During the October 28, 2013 hearing, Judge Manahan stated that "the defendants are entitled to the relief with the one caveat, that it will be without prejudice." Transcript at page 8, lines 19-21. More specifically, "[w]ithout prejudice *in terms of its finality*, for a period of 90 days . . . ." *Id*. at page 6, lines 8-9 (emphasis added). The 90 day period will "abide a decision by the U.S. Trustee . . . as to whether or not . . . the bankruptcy estate will be reopened for the purpose of allowing the trustee to prosecute **this** claim." *Id*. at page 9, lines 3-7 (emphasis added). Following the October 28, 2013 hearing, Judge Manahan entered an Order on October 30, 2013, which included the following handwritten addition: "Motion 'opposed' on behalf of Chapter 7 Bankruptcy Trustee who is the former Trustee, the court placed its findings on the record on October 28, 2013." The October 30, 2013 Order, while not the form agreed to by the parties, and with no reference to the 90 day window, nevertheless references and embodies the findings from the record from the October 28, 2013 hearing. Like Judge Steckroth and Judge Cox Arleo, I believe it is appropriate to read the October 30, 2013 Order and the October 28, 2013 transcript together, especially since Judge Manahan specifically incorporates the findings through his handwritten notation on the Order. It is significant that Arcola actually agrees with and advocates this approach, arguing that the October 30, 2013 Order "incorporated the verbatim record of the court's decision by reference." Second Motion to Dismiss at page 2.

Nowhere in the October 30, 2013 Order, or the October 28, 2013 transcript, does it state what the Trustee had to do to avoid the finality of the dismissal. It simply states entry of the order is "[w]ithout prejudice in terms of its finality, for a period of 90 days, to determine whether or not the U.S. Trustee would consider the reappointment of Kartzman, and thereafter whether there

would be a required investigation and/or position in regard to the present claim." Here, on November 7, 2013 (a mere week after the entry of the October 30, 2013 Order), the Trustee moved to reopen the bankruptcy case. After entry of an Order to reopen, the Office of the United States Trustee reappointed the Trustee, and the Trustee filed a Notice of Removal of the 2012 Case with the Bankruptcy Court. This all occurred within the 90 day period. I find that those actions are sufficient to avoid any finality of the October 30, 2013 Order.

> **ii. Judge Steckroth already found the October 30, 2013 Order was not final because the parties agreed to a 90 day timeframe and the Trustee timely filed the Notice of Removal; the District Court Upheld the Decision.**

Instead of focusing on the October 30, 2013 Order and the statements made by Judge Manahan at the October 28, 2013 hearing (presumably because Judge Steckroth did not have the benefit of the transcript), Judge Steckroth found that "[f]ollowing dismissal of the 2012 Case, the Trustee's right to reinstate the action by January 27, 2014 was preserved by agreement between the parties and authorized by state court." Judge Steckroth's decision appears to be based on a Certification from Trustee's Counsel, Adam Brief, Esq., and a Declaration from Arcola's counsel, Christopher Hartmann, Esq.: "The record also provided that the Trustee had until January 27, 2014 to pursue any such claims against Arcola. (Certification of Adam Brief ("Brief Cert.") Ex. A.). The Defendant's counsel was to draft an order (and did so) but the court in the meantime signed another order in error, which omitted the Trustee's January 27, 2014 deadline. (Hartman Decl. Ex. F)."

Arcola argues now, the same as it did in 2014, that (1) there was no agreement between the parties; and (2) removal was ineffectual until January 30, 2014, when the Trustee completed the last step of the removal process: filing a copy of the Notice of Removal with the State Court. As a result, Arcola argues, on January 27, 2014 – which was 90 days after entry of the October 30,

2013 Order – the State Court still had jurisdiction over the 2012 Case and the October 30, 2013 Order became final. Arcola already asserted this argument in its First Motion to Dismiss. Judge Steckroth disagreed with Arcola's argument that removal was defective and instead held "the action was timely filed by the correct party in interest. Technical defects in service of the Notice of Removal, if any, are immaterial."

Even if I disagree with Judge Steckroth, that decision stands. Arcola never filed a Motion for Reconsideration on the basis of a mistake in law or fact, the District Court denied its request for leave to appeal, and Arcola neither appealed that decision nor took further action to challenge Judge Steckroth's 2014 Opinion and Order.

Accordingly, I will not revisit the argument that the State Court still had jurisdiction as of January 27, 2014, as Judge Steckroth previously decided that issue. Without jurisdiction at the expiration of the 90 day window, the October 30, 2014 Order never became final.

Again, in this Second Motion to Dismiss, Arcola advances a new argument that it claims was unavailable at the time of the First Motion to Dismiss. The new argument centers on Fed. R. Civ. P. 60(c)(1). Arcola argues it could not make a Rule 60(c)(1) argument at the time of the First Motion to Dismiss (filed February 24, 2014) because it was less than a year since entry of the October 30, 2013 Order. Now, however, Arcola argues that more than a year passed since entry of the October 30, 2013 Order, the Trustee did not attempt to vacate the October 30, 2013 Order and the Trustee is out of time to vacate the October 30, 2013 Order pursuant to Rule 60(c)(1). I recognize that Arcola's argument regarding Rule 60 is a new argument that Arcola could not bring at the time of the First Motion to Dismiss because the one year time period had not yet expired. However, the Rule 60(c)(1) argument presupposes a final order and I find that the October 30, 2014 Order is not a final order under the facts of this case.

### b. Revisiting the Argument that Removal to Bankruptcy Court was Ineffective

Again, Judge Steckroth determined that removal was timely completed regardless of any technical failures by the Trustee. Arcola disagrees and submits this is a jurisdictional issue that can be reviewed at any time thereby making it okay for Arcola to again advance this argument. But, as set forth above, removal did not have to be complete for me to find that the October 30, 2013 Order was not a final order. Viewing this issue in a light most favorable to Arcola and accepting Arcola's argument that jurisdiction remained with the State Court until January 30, 2014, does not mean the October 30, 2013 Order became final as of January 27, 2014. The State Court never imposed a requirement that Trustee had to properly effectuate removal to avoid the finality of the October 30, 2013 Order. The 90 day period was "to determine whether or not the U.S. Trustee would consider the reappointment of Kartzman, and thereafter whether there would be a required investigation and/or position in regard to the present claim." I find that the U.S. Trustee's reappointment of the Trustee and the Trustee initiating the removal process by filing the Notice of Removal, even if removal was not complete, satisfied the State Court's 90 day concerns.

### c. Effect of the State Court's January 31, 2014 Order

Lastly, my position with regard to finality is clearly supported by the State Court's own January 31, 2014 Order.[5] The January 31, 2014 Order provides, in part, that "during the pendency of the bankruptcy proceeding, this action may be reinstated at the request of any party, if the Bankruptcy Court lifts the automatic stay." Further, "[i]f the action is reinstated, it will be reinstated as of the date [] the complaint herein was originally filed, and any claim asserted herein will be reinstated as of the date upon which the pleading asserting the claim was originally filed."

---

[5] Judge Manahan entered the January 31, 2014 Order after the Trustee removed the case to Bankruptcy Court. This Court is not reviewing the January 31, 2014 Order for purposes of its validity since any order entered by the State Court post-removal is void ab initio without stay relief to permit same. It is simply indicative that Judge Manahan did not believe the October 30, 2013 Order was a final order.

I will accept Arcola's argument that the January 31, 2014 Order is of no force and effect because the Trustee completed the removal process as of January 30, 2014, at the latest, and therefore, on January 31st the State Court had no jurisdiction. The importance of the January 31, 2014 Order is it provides support for the position that even the State Court did not believe the October 30, 2013 Order was final as of January 27, 2014. Otherwise, why would the State Court have issued the January 31, 2014 Order? No reason exists to explore those issues as this is just one more factor demonstrating the October 30, 2013 Order never became final.

## **CONCLUSION**

This Court will enter an Order denying Arcola's Motion to Dismiss consistent with this Opinion.

*Stacey L. Meisel*

Dated: 9/27/16

STACEY L. MEISEL
UNITED STATES BANKRUPTCY JUDGE